IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,293






BARY SHEENE BYARS, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

FROM CAUSE NUMBER 91788 I N THE CRIMINAL JUDICIAL 

DISTRICT COURT OF JEFFERSON COUNTY





 Keller, P.J., filed a concurring opinion in which HERVEY and
COCHRAN, JJ., joined.






 The Confrontation Clause reflects a judgment about how the reliability of testimony can best
be determined. (1) The Clause commands that reliability be assessed by testing in the crucible of cross-examination. (2) That judgment is valid regardless of the circumstance that the Confrontation Clause
does not apply to the State.

 The habeas court in this case examined the witness in camera, with a court reporter present,
but in the absence of the prosecuting attorney and of the defense attorney. The State did not object
to the procedure. Perhaps the habeas court wanted to protect the witness from unnecessary distress
- which is an admirable and understandable goal. But adversarial testing is the constitutionally
prescribed method of assessing reliability, and it "beats and bolts out the Truth much better" (3) than
the procedure used here.

 So the Court overturns an error-free conviction on the basis of testimony that was not
subjected to cross-examination. I concur in the Court's judgment because the trial court's findings
are supported by the record, but my confidence in the outcome would have been higher had the
recanting witness been cross-examined by the State.


Date filed: November 9, 2005

Publish
1. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004).
2. Id.
3. Id. citing M. Hale, History and Analysis of the Common Law of England 258 (1713).